IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BAUTISTA CAYMAN ASSET COMPANY,<br><br>**Plaintiff**,<br><br>v.<br><br>RELIANCE MANUFACTURING, INC., *et al.*,<br><br>**Defendants**. | **Civil No.** 16-1418 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge

Before the Court is plaintiff Bautista Cayman Asset Company ("Bautista")'s motion to dismiss Reliance Manufacturing, Inc. ("Reliance")'s counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 37.) For the reasons set forth below, Bautista's motion is **GRANTED**, and Reliance's counterclaim is **DISMISSED WITHOUT PREJUDICE**.

I.  **BACKGROUND**

The contested counterclaim stems from a 2004 mortgage agreement between Doral Mortgage, a subsidiary of Doral Bank, and defendants Reliance, Gilberto Medina-Safon, and Iris Margarita Rodriguez-de Leon ("defendants") for the principal sum of $600,000.00 plus interest at an annual rate of 6.95%. (Docket Nos. 41 at p. 3.; 34 at p. 7.) The mortgage note is secured by two properties located in Guaynabo, Puerto Rico. (Docket No. 41 at pp. 5-6.) Defendants own these properties. Id. at p. 6. Pursuant

Civil No. 16-1418 (FAB)                                                        2

to the mortgage note, defendants agreed to make monthly payments of $3,475.00 on the first of each month from June 1, 2004 until May 1, 2006, on which date defendants would pay $603,475.00. Id. at p. 3. On the 2006 maturity date, Doral Mortgage failed to demand payment of the principal amount. (Docket No. 34 at p. 8.) Instead, Doral Mortgage and its successors continued to accept monthly payments of $3,475.00 without first agreeing that the payments would be credited to the principal. Id. In 2015, Bautista became the holder of the mortgage note after the Puerto Rico Commisioner of Financial Institutions closed Doral Bank. (Docket No. 41 at p. 2.) Bautista alleges that defendants breached their obligations pursuant to the mortgage note by failing to make the agreed-upon payments. Id. at p. 7.

On March 9, 2016, Bautista filed a complaint bringing claims for (1) collection of monies and (2) foreclosure of collateral against defendants. (Docket No. 1.) All defendants filed an answer and Reliance asserted a counterclaim seeking: (1) an adjustment of the principal amount to account for payments made after the maturity date; (2) a declaration that Bautista has no right to accelerate the mortgage debt; and (3) a declaration that the "mortgage loan became extinguished and no new mortgage deed was

Civil No. 16-1418 (FAB)                                                      3

signed or entered into by the parties." (Docket No. 12 at p. 9.)[1] Bautista then moved to dismiss Reliance's counterclaim. (Docket No. 18.) Reliance filed several oppositions and an amended answer. (Docket Nos. 19 & 20.)

In sum, Reliance's counterclaim argues that Bautista somehow acquiesced to the "tacit modification of the loan repayment agreement." (Docket No. 34 at p. 9.) Bautista rejects this allegation and relies upon the 2004 mortgage agreement in claiming that defendants owe a principal amount of $585,377.83; interest in the amount of $49,724.60 which continues to accrue at a rate of $113.01 *per diem*; accrued late charges in the amount of $9,158.08; and costs and fees in excess of $60,000.00. (Docket No. 41 at p. 7.)

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint or counterclaim must contain sufficient factual matter "to state a

---

[1] Reliance filed an amended answer the same day to request additional relief. (Docket No. 13.) Namely, Reliance requested an appraisal of the mortgaged properties and assignment of attorney's fees to plaintiff. Id. Since the commencement of this action, the parties have repeatedly filed amended pleadings. See answer and counterclaim (Docket No. 12), amended answer and counterclaim (Docket No. 13), defendant's opposition to the motion to dismiss the counterclaim (Docket No. 19), defendant's renewed opposition to the motion to dismiss the counterclaim (Docket No. 25), defendant's amended answer (Docket No. 34), plaintiff's motion to dismiss the amended counterclaims, (Docket No. 37.) and plaintiff's amended complaint (Docket No. 41.) The facts et forth in this Opinion are based on the allegations found in the most recently filed counterclaim, Docket No. 34, and in plaintiff's second amended complaint, Docket No. 41.

Civil No. 16-1418 (FAB)                                                 4

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Resolving a motion to dismiss requires a two-step approach.  First, the Court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).  Second, the Court "take[s] the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id.  "The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 n.14 (2007).

**III. DISCUSSION**

Bautista argues that the Court should dismiss Reliance's counterclaim because:  (1) the counterclaim fails to state a claim for which relief can be granted, (2) the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") bars Reliance's counterclaim because Reliance has failed to exhaust the administrative claims process required by FIRREA, and (3) the

Civil No. 16-1418 (FAB)                                                     5

counterclaim is an affirmative defense inappropriately labeled as a counterclaim.  (Docket No. 37.)

As it is apparent to the Court that Reliance's counterclaim fails to state a claim for which relief may be granted, the Court will dismiss the counterclaim solely on this basis.

### A.   **Dismissal is warranted under Rule 12(b)(6)**

Reliance has failed to identify a cause of action in the counterclaim.  While Reliance provides numerous factual allegations, it has not made clear the legal theory supporting its counterclaim.  Reliance sets forth the mortgage agreement's terms, details its payment history, and concludes without explanation that the parties modified the mortgage agreement.  (Docket No. 34 at p. 7-9.)  Because there is no identified statutory or common law cause of action asserted in the counterclaim, it is impossible for the Court to ascertain whether the counterclaim makes factual allegations "respecting each material element [of the cause of action] necessary to sustain recovery." See U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011). Without more from Reliance, the Court is left with "unadorned factual allegations as to the elements of the cause of action." Gonzalez v. Otero, 172 F. Supp. 3d 477, 501 (D.P.R. 2016) (Dominguez, J.), citing Aulson v. Blanchard, 83 F.3d 1, 3 (1st. Cir. 1996), (dismissing a complaint "based on general conclusory allegations," and "speculative in nature" on 12(b)(6) grounds).

Civil No. 16-1418 (FAB)                                                   6

As a result of Reliance's failure to identify a cause of action, the counterclaim must be dismissed. See Halsey v. Litton Loan Servicing, L.P., 2013 U.S. Dist. LEXIS 98365, at *9-10 (D.N.H. June 19, 2013) (dismissing complaint in light of plaintiff's failure "to identify either a cause of action or its requisite elements"); See also Lucas v. Ocwen Home Loan Servicing, No. 3:13-CV-1057-G (BH), 2014 U.S. Dist. LEXIS 172531, at *2 (N.D. Tex. Dec. 12, 2014) ("It logically follows that failing even to identify a specific cause of action justifies dismissal.").

Aside from failing to identify a cause of action, Reliance also has failed to allege facts showing a plausible nexus between Bautista's acts and Reliance's resulting harm.  To state a viable counterclaim, Reliance must not only identify a cause of action and allege facts with respect to each of its elements, but it must also allege facts to support the inference that Bautista is liable pursuant to the asserted causes of action. See Iqbal, 556 U.S. at 663 (observing that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant [or counterclaim defendant] is liable for the misconduct alleged.").

In essence, Reliance's counterclaim alleges that it is entitled to the relief requested because:  (1) Doral Mortgage and its successors continued to accept monthly payments from defendants, and (2) Bautista allowed for the "tacit modification of

Civil No. 16-1418 (FAB)                                                  7

the loan repayment agreement."  (Docket No. 34 at pp. 8-9.) Notably, there is no allegation that Bautista received payments from defendants, nor are there alleged facts to suggest that Bautista agreed to modify the mortgage agreement.  Reliance's failure to show a plausible nexus linking Bautista's acts to Reliance's harm further supports dismissal of the counterclaim.

### B. Federal Institutions Reform, Recovery, and Enforcement Act

Aside from moving to dismiss the counterclaim pursuant to Rule 12(b)(6), Bautista argues that dismissal is warranted because Reliance has not exhausted the mandatory administrative claims process required by FIRREA.  (Docket No. 37 at pp. 8-13.)  As the Court has previously observed, FIRREA "establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from assets of" a failed financial institution of which the Federal Deposit Insurance Corporation "is acting as a conservator or receiver."  Maldonado-Torres v. FDIC, 839 F. Supp. 2d 511, 515 (D.P.R. 2012) (Besosa, J.).  Reliance argues that FIRREA is inapplicable because its "counterclaim does not seek payment from the bank."  (Docket No. 25 at p. 7.)  In light of Reliance's failure to identify a cause of action specifically, the Court is not in a position to address the applicability of FIRREA to the counterclaim.

Civil No. 16-1418 (FAB)                                                8

**IV. Conclusion**

For the reasons discussed above, Bautista's motion to dismiss the counterclaim pursuant to Rule 12(b)(6), Docket No. 37, is hereby **GRANTED**.  Reliance's counterclaim is **DISMISSED WITHOUT PREJUDICE**.

Any amended counterclaim must be filed **no later than January 31, 2017.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 20, 2017.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE